# GILBERT

*v.*

# THE WASHINGTON BENEFICIAL ENDOWMENT ASSOCIATION.

---

APPELLATE PRACTICE; INTERLOCUTORY AND FINAL DECREES.

1.  Where an appeal from this court to the Supreme Court of the United States is dismissed by the latter court upon the ground that the decree appealed from is an interlocutory and not a final decree, it does not follow that this court had no jurisdiction to pass the decree it rendered, and will vacate such decree. This court may, on an appeal from a final decree of the lower court, render an interlocutory decree which will not be appealable to the Supreme Court of the United States.

2.  Even if a decree of the lower court appealed from to this court be an interlocutory decree, the hearing of the cause by this court, as upon a final decree, will be deemed afterwards to have been the equivalent of the allowance of an appeal, upon the theory that the decree was only of an interlocutory character.

No. 629. Submitted April 11, 1899. Decided May 9, 1899.

HEARING on a motion by the appellant to vacate a decree previously passed affirming a decree appealed from. *Overruled.*

*Mr. Thomas M. Fields* for the motion.

*Mr. James E. Padgett* and *Mr. Edwin Forrest* opposed.

Mr. Justice MORRIS delivered the opinion of the Court:

This cause, which was heretofore before us on the appeal of William T. Gilbert, receiver of the Commercial Alliance Life Insurance Company (10 App. D. C. 316), and was subsequently removed by appeal to the Supreme Court of the United States, now comes back to us upon the mandate of that

court dismissing the appeal for want of jurisdiction. Upon the filing of that mandate there has also been filed a motion on behalf of the appellant to vacate the decree heretofore rendered in the cause by this court whereby the previous decree therein of the Supreme Court of the District of Columbia was affirmed. And the ground for this motion is, that the dismissal of the appeal by the Supreme Court of the United States was because that court was of the opinion that the decree appealed from was not such a final decree as that it could take cognizance of the cause; and that therefore the decree of the Supreme Court of the District of Columbia in the premises was not such a final decree as could be reviewed in this court.

We do not think that it follows from the decision of the Supreme Court of the United States, dismissing the appeal from this court for the want of jurisdiction on the ground alleged, that this court had no jurisdiction to render the decree which it did render. The decree before the Supreme Court of the United States for review was the decree of this court, not that of the Supreme Court of the District of Columbia, except in so far as the latter was the basis of the decree of this court. The decree of the Supreme Court of the District might well be final, and yet the decree of this court based upon it might be only interlocutory. Such certainly our decree was, inasmuch as it remanded the cause to the Supreme Court of the District for the purpose of the audit decreed by the latter and for further proceedings. There were, therefore, further proceedings to be had by the Supreme Court of the District before the cause could be finally disposed of and could again come to us for final determination.

Again: The appellate jurisdiction of this court has not the same limitations as that of the Supreme Court of the United States. The right of review of the latter is limited to the *final* judgments and decrees of the subordinate tribunals; the jurisdiction of the Court of Appeals of the

District of Columbia with reference to the Supreme Court of this District is very much broader; for it extends to various interlocutory orders and decrees specifically, and to any and all interlocutory orders from which this court upon petition might allow an appeal. Whether the decree of the Supreme Court of the District in this cause from which the appeal to this court was taken is contained in the classes of interlocutory orders specifically enumerated, it is unnecessary to determine; since we are of opinion that, even if the decree appealed from was merely interlocutory and not final, the hearing of the cause by this court as upon a final decree was the equivalent of the allowance of an appeal upon the theory that the decree was only of an interlocutory character.

It is not apparent that it would serve any good purpose to vacate the decree of this court. If it were vacated, the only result of the appellant's contention would be that we would have to dismiss his appeal; and the dismissal would leave the cause precisely where it stands now—with a decree of the Supreme Court of the District of Columbia adverse to the appellant's contention and referring the cause to the auditor for an accounting. The only possible advantage that could accrue to the appellant from the allowance of his motion to vacate the decree of this court would be to permit him, if the cause came before us again, to reargue the same questions that were before us in this appeal; and as the cause was brought here in the first instance by the appellant himself, it is not apparent that any substantial advantage could accrue to him by the vacation of a decree that might constitute an obstacle to a reargument.

In accordance with the opinion of this court heretofore rendered in the cause, the cause will be remanded to the Supreme Court of the District of Columbia for the further proceedings contemplated by the decree of that court. And it is so ordered.